IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| SAMVEL G. TOPCHIAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 15-0353-CV-W-ODS |
| ) | |
| JP MORGAN CHASE BANK, N.A., ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER AND OPINION GRANTING PLAINTIFF'S MOTION TO REMAND DUE TO LACK OF SUBJECT MATTER JURISDICTION

This suit was initiated in state court against three defendants, one of which – the law firm of Martin, Leigh, Laws & Fritzlen, PC ("MLL") – precludes diversity of citizenship. Plaintiff has filed a motion to remand (Doc. # 16), which is now granted.[1]

The Petition asserts no federal claims, and as noted diversity of citizenship is lacking; both Plaintiff and MLL are citizens of Missouri. Defendants contend MLL's citizenship should be disregarded because it has been fraudulently joined. The Eighth Circuit has articulated the fraudulent joinder standard as follows:

> Where applicable state precedent precludes the existence of a cause of action against a defendant, joinder is fraudulent. "[I]t is well established that if it is *clear* under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained." Iowa Pub. Serv. Co. v. Med. Bow Coal Co., 556 F.2d 400, 406 (8th Cir. 1977) (emphasis added). However, if there is a "colorable" cause of action - that is, if the state law *might* impose liability on the resident defendant under the facts alleged - then there is no fraudulent joinder. See Foslip Pharm., Inc. v. Metabolife Int'l, Inc., 92 F. Supp.2d 891, 903 (N.D. Iowa 2000).

Filla v. Norfolk S. Ry. Co., 336 F.3d 806, 810 (8th Cir. 2003) (internal footnote omitted). "[J]oinder is fraudulent when there exists no reasonable basis in fact and law supporting a claim against the resident defendants." Wiles v. Capitol Indem. Corp., 280 F.3d 868,

---

[1] The two motions to dismiss will remain pending for resolution by the state court.

871 (8th Cir. 2002). If there is a reasonable basis in fact and law that supports the claim, joinder is not fraudulent. Filla, 336 F.3d at 810.

In conducting this inquiry, the Court must "resolve all facts and ambiguities in the current controlling substantive law in the plaintiff's favor," but the Court has "no responsibility to *definitively* settle the ambiguous question of state law." Id. at 811 (citations omitted) (emphasis in original). "Instead, the court must simply determine whether there is a reasonable basis for predicting that the state's law *might* impose liability against the defendant." Id. (emphasis added). Where the sufficiency of the complaint against the non-diverse defendant is questionable, "the better practice is for the federal court not to decide the doubtful question in connection with a motion to remand but simply to remand the case and leave the question for the state courts to decide." Id. (quoting Iowa Pub. Serv. Co., 556 F.2d at 406). Finally, the party seeking removal and opposing remand has the burden of demonstrating that federal jurisdiction exists. In re Bus. Men's Assurance Co. of Am., 992 F.2d 181, 183 (8th Cir. 1995) (per curiam) (citing Bor-Son Bldg. Corp. v. Heller, 572 F.2d 174, 181 n.13 (8th Cir. 1978)).

The Petition generally describes a sequence of events in which Plaintiff took out a mortgage from JP Morgan Chase Bank ("Chase"), fell behind in those payments, and then entered into a modification agreement. Plaintiff made payments as required by the modification agreement, but Chase nonetheless viewed Plaintiff as being in default and demanded payment and threatened foreclosure. At some point during these exchanges, "Plaintiff began receiving letters from MLLF about collecting the debt allegedly owed to Chase." Petition, ¶ 46. It appears these letters were sent on more than one occasion. Petition, ¶ 47. Plaintiff sent letters to MLL (both personally and through counsel) disputing the debt, referencing the modification, and complaining that Chase was ignoring the agreement. Petition, ¶¶ 48-49. Plaintiff alleges MLL violated the Missouri Merchandising Practices Act ("MMPA") by collecting on a debt that it knew or should have known was not owed, failing to investigate the legitimacy of the debt it was collecting, and ignoring his statements that he was not in default and the debt was not owed. Petition, ¶ 165.

The MMPA prohibits the "use or employment . . . of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice . . . . in connection with the

2

sale or advertisement of any merchandise in trade or commerce . . . ." Mo. Rev. Stat. § 407.020.1.  The use of a prohibited practice violates the MMPA whether it is committed before, during or after the sale.  Id.   The MMPA is intended to cover conduct beyond fraud and is designed "to preserve fundamental honesty, fair play and right dealings in public transactions."  Conway v. CitiMortgage, Inc., 438 S.W.3d 410, 414 (Mo. 2014) (en banc) (quotations and citations omitted).

In Conway, the Missouri Supreme Court overruled prior decisions of the Missouri Courts of Appeal and held that

> [e]ven if the loan servicer was not an original party when the lender and borrower agreed to the services and responsibilities each would perform, enforcing the terms of the loan is in connection with the ongoing sale of the loan, as discussed above.  Because a loan is an ongoing transaction, loan collection procedures, whether initiated by a loan originator or a loan servicer, are done "in connection with" the original procurement of the loan.

Id. at 415-16.  Chase contends Conway is irrelevant, and the Court agrees it does not address all of the issues presented in this case.  Nonetheless, Conway is important because it establishes that a debt collector may violate the MMPA if it engages in unfair trade practices.  Missouri law will dictate what trade practices are "unfair," and the Court must remand so long as Missouri courts might conclude MLL engaged in unfair practices.  Stated another way: the Court must remand unless there is no possibility that MLL would be liable.  And here, the Court concludes there is at least a possibility that Missouri courts would rule in Plaintiff's favor.

Plaintiff alleges that Chase attempted to collect the debt before "each scheduled foreclosure sale," Petition, ¶ 47, indicating MLL attempted to collect the debt at least twice.  However, after each such effort Plaintiff advised MLL that the debt was not owed and that he and Chase had a written modification, Petition, ¶¶ 48-49 – which means MLL tried to collect the debt at least once after being so advised.  Plaintiff also alleges that MLL attempted to collect the debt even though it knew or should have known the debt was invalid.  Petition, ¶¶ 165(e), 165(f).  Separately, Plaintiff alleges MLL did not investigate the legitimacy of the debt before trying to collect it.  Petition, ¶ 165(g).  Whether these acts are "unfair trade practices" is not definitively addressed by Missouri

3

courts (or, at least, Chase has not identified any such cases), and the possibility that Missouri courts might rule in Plaintiff's favor precludes a determination that MLL was fraudulently joined. Similarly, Chase's intimation "that a law firm sending debt collection letters on behalf of the debt holder" is not an unfair practice may prove to be a correct statement of Missouri law. However, that determination must be made, in the first instance, by a court with jurisdiction. The Court's task is not to decide the issue of law; the Court's task is not to decide what the law *is*, but rather to determine whether the law *might be* as Plaintiff theorizes. All the Court can say is that the law might be as Plaintiff theorizes, so MLL has not been fraudulently joined.

Chase also presents arguments predicated on inadequate pleading. It contends Plaintiff has not adequately pleaded the basis for MLL's knowledge or specified the nature of his losses resulting from MLL's alleged unlawful practices. Arguments regarding the adequacy of pleadings do not establish fraudulent joinder. A defendant must "do more than merely prove that the plaintiff's claim should be dismissed pursuant to a Rule 12(b)(6) motion" and cannot merely "focus on the artfulness of the plaintiff's pleadings." Block v. Toyota Motor Corp., 665 F.3d 944, 948 (8th Cir. 2011) (citing Knudson v. Systems Painters, Inc., 634 F.3d 968, 980 (8th Cir. 2011)).

The Court concludes MLL has not been fraudulently joined. Diversity of citizenship is lacking, and there is no other basis for federal jurisdiction. Accordingly, the Motion to Remand is granted.

IT IS SO ORDERED.

DATE: July 9, 2015

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT

4

Case 4:15-cv-00353-ODS   Document 34   Filed 07/09/15   Page 4 of 4